UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Douglas Campbell,<br><br>                Plaintiff,<br><br>vs.<br><br>Ingles Market, Ingles Store #92; Michael Christopher Folk; Travis Todd King; Kennith Hammett; Nathaniel Mark Rainey; Sptg. Co. Sheriffs Dept.; John Allen Putman,<br><br>                Defendants. | C/A No. 7:13-1701-GRA-KFM<br><br>**Report and Recommendation** |

This action has been filed by the Plaintiff, proceeding *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983.[1] Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the Defendants. Defendant Spartanburg County Sheriff's Department (SCSD) is not amenable to suit, and Defendant Kennith Hammet is not amenable to suit in his official capacity.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background and Discussion

Plaintiff is a prisoner at Wateree River Correctional Institution, serving a sentence that is apparently unrelated to this Complaint. Plaintiff complains that on July 9, 2011, he was attacked by Defendants Michael Christopher Folk, Nathaniel Mark Rainey and Travis Todd King – three managers of an Ingles grocery store in Duncan, South Carolina – and Ingles customer John Allen Putman, who pursued him for shoplifting. Additional Defendants are Spartanburg County Sheriff's Department (SCSD) and Kennith Hammett, a sheriff's deputy who arrested Plaintiff for shoplifting. Plaintiff alleges that he won a not guilty verdict at trial. He sues SCSD and Defendant Hammett for false arrest, and he sues the remaining defendants for assault.

The United States Supreme Court has held that, under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "This immunity [also] applies to state agencies that may be properly characterized as arm[s] of the State, ... as well as to state employees acting in their official capacity." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir.1996) (internal citations and quotations omitted).

In South Carolina, a sheriff's department is an agency of the state and therefore entitled to Eleventh Amendment immunity; a sheriff's deputy is a state official. *Gulledge v. Smart*, 691 F.Supp. 947 (D.S.C.1988); *see also Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C.1994) ("It is well established in [South Carolina] that

3

a sheriff's office is an agency of ... the state, such that a suit against the sheriff in his official capacity is a suit against the State."). *See also Stewart v. Beaufort County*, 481 F.Supp.2d 483, 492 (D.S.C.2007) (holding that "a federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity").

Although a State may waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court.  *See* S.C.Code Ann. § 15–78–20(e).  Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989).  As the Defendant SCSD is an agency of the state of South Carolina, that defendant is protected from suit by Eleventh Amendment immunity, and the case against that defendant should be summarily dismissed.  Under the same reasoning, Defendant Hammett as a Sheriff's Deputy is not amenable to suit in his official capacity.  *Harter,* 101 F.3d at 337 (citing *Will*, 491 U.S. at 71).

## Recommendation

Accordingly, it is recommended that the district court dismiss the case against SCSD *without prejudice* and without issuance and service of process on that defendant.  It is also recommended that the district court dismiss Defendant Hammett in his official capacity. Plaintiff's attention is directed to the important notice on the following page.

Kevin F. McDonald
United States Magistrate Judge

July 19, 2013
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).