UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Terry Douglas Campbell,            )<br>                                             )<br>                     Plaintiff,   )<br>                                             )<br>v.                                          )<br>                                           )<br>Ingles Market, Ingles Store #92; Michael )<br>Christopher Folk; Travis Todd King;    )<br>Kennith Hammett; Nathaniel Mark      )<br>Rainey; Sptg. Co. Sheriffs Dept.; John  )<br>Allen Putman,                                )<br>                                           )<br>                   Defendants. )<br>_____ ) | C/A No.: 7:13-1701-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Kevin McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on July 19, 2013. Plaintiff Terry Douglas Campbell, an inmate with the South Carolina Department of Corrections proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1.

Under established procedure in this judicial district, Magistrate Judge McDonald made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Magistrate Judge McDonald recommends that this Court dismiss Plaintiff's case against the Spartanburg County Sheriff's Department ("SCSD") *without prejudice* and without issuance and service of process on that defendant, and also recommends dismissing Plaintiff's claims against Defendant Hammett in his official capacity. ECF No. 13. Plaintiff filed a timely objection to the Magistrate Judge's Report and

Recommendation.[1]  ECF No. 27.  For the reasons discussed herein, this Court adopts the Magistrate Judge's recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] A *pro se* prisoner's filing is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court.  *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).  In the current case, although the Plaintiff's objection does not include the date it was delivered to the mailroom, the postmark on the letter indicates that the letter was placed into the mailing system on August 5, 2013, the final day for objections.  Additionally, the Plaintiff's letter is stamped as having been received by the District Court on August 5, 2013, and thus the Court will treat the objection as having been filed by August 5, 2013.

**Discussion**

Magistrate Judge McDonald recommends dismissing the case against SCSD as well as dismissing the case against Defendant Hammett in his official capacity. *See* Report and Recommendation, ECF No. 13.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, August 5, 2013 was the deadline for filing objections. Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation prior to that deadline.

Upon review of Plaintiff's objection, the Court finds that his objection is non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, and merely restates his claims.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the claims against SCSD are dismissed *without prejudice* and without issuance and service of process on SCSD.

**IT IS FURTHER ORDERED** that the claims against Defendant Hammett in his official capacity are dismissed.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August  22 , 2013
Anderson, South Carolina