IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Terry Douglas Campbell,                             )<br>                                                                 )<br>                        Plaintiff,            )<br>                                                                 )<br>        vs.                                                  )<br>                                                                 )<br>Ingles Market, Michael Christopher    )<br>Folk, Travis Todd King, Kennith          )<br>Hammett, Nathanel Mark Rainey, John )<br>Allen Putnam,                                         )<br>                                                                 )<br>                        Defendants.     )<br>_____)  | Civil Action No. 7:13-1701-GRA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        This matter is before the court on the defendants' motions to dismiss (docs. 30, 62).  The plaintiff, a state prisoner proceeding *pro se*, alleges claims arising from his arrest for shoplifting.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

        On August 13, 2013, the defendants Ingles Market, Folk, King, and Rainey filed a motion to dismiss (doc. 30). By order filed August 14, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff's response to that motion was due on September 19 , 2013; however, he failed to respond.  As the plaintiff is proceeding *pro se*, an order was issued on November 4, 2013, again informing the plaintiff that his case against these defendants was subject to dismissal for failure to prosecute if he failed to respond.  The order also extended the plaintiff's deadline for response until November 25, 2013.  The plaintiff failed to file a timely response.

On October 10, 2013, defendant Hammett filed a motion to dismiss or, in the alternative, for summary judgment (doc. 62). Another *Roseboro* order was issued on October 16, 2013, informing the plaintiff of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. The plaintiff's response was due on or before November 21, 2013. On November 1, 2013, the plaintiff filed a motion for extension of time to respond to defendant Hammett's motion (doc. 70). The plaintiff was granted an extension through December 23, 2013, to respond to defendant Hammett's motion (doc. 78). The plaintiff filed his response in opposition on November 22, 2013 (doc. 97), and defendant Hammett filed a reply on November 25, 2013. Accordingly, the above motions are ripe for review.

## **FACTUAL ALLEGATIONS**

On May 6, 2013, the plaintiff filed a lawsuit in this court against defendants Ingles, Folk, King, Rainey, and Putnam.[1] *See* C.A. No: 7:13-CV-01138-GRA-KFM. The case was summarily dismissed by the Honorable G. Ross Anderson, Jr., on June 13, 2013, for lack of subject matter jurisdiction. On June 24, 2013, the plaintiff filed the complaint in the instant case against the same defendants and added the Spartanburg County Sheriff's Department and Hammett as defendants. The undersigned authorized service of process on all defendants except the Spartanburg County Sheriff's Department on July 19, 2013. On August 22, 2013, Judge Anderson dismissed the claims against the Spartanburg County Sheriff's Department.

In his complaint, the plaintiff alleges that defendants King, Folk, and Rainey, whom he identifies as employees of defendant Ingles, along with defendant Putnam, whom he identifies as an Ingles customer, attacked him in an Ingles store parking lot. He claims the men pulled knives on him, and he locked himself in his vehicle. He further claims these

---

[1] Defendant Putnam is also a defendant in the instant case but has not appeared.

2

defendants vandalized his car. The plaintiff alleges that he got out of the vehicle and ran from the men into a housing development where defendant Hammett, whom the plaintiff identifies as a Spartanburg County Sheriff's Deputy, put him in a patrol car and took him back to the Ingles store. He alleges that EMS was called to the scene, and he was taken to the hospital by EMS. He further alleges that defendant Hammett charged him with shoplifting and assault and battery, and he was found not guilty after a jury trial (doc. 1 at pp. 2-3).

The plaintiff states that he is suing defendant Ingles for improperly training their managers, and he is suing defendants King, Folk, Rainey, and Putnam for assault and battery with a deadly weapon, kidnaping, and vandalism to his vehicle. The plaintiff states that he is suing defendant Hammett for false arrest. The plaintiff seeks $250,000 in damages (*id.* at p. 4).

## APPLICABLE LAW AND ANALYSIS

In their motions to dismiss, the defendants argue that the court lacks subject matter jurisdiction over this action. This court agrees. Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In order for a district court to exercise jurisdiction over a civil action, the action must either (1) "arise under the Constitution, laws or treaties of the United States," or (2) the parties must have complete diversity of citizenship and the amount in controversy must be in excess of $75,000. 28 U.S.C. §§ 1331, 1332.

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *See Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction

if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

The complaint provides no basis for either diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). At the time he filed his complaint, the plaintiff was an inmate at Wateree Correctional Institution in Rembert, South Carolina, and he is now an inmate at Livesay Correctional Institution in Una, South Carolina. The plaintiff provided South Carolina addresses for all of the individual defendants (*see* doc. 5 at p. 2). Accordingly, complete diversity of the parties is not present in this case.

Additionally, the plaintiff has not alleged a claim arising "under the Constitution, laws or treaties of the United States" so as to provide the court with federal question jurisdiction. Here, the plaintiff has alleged claims for improper training, assault and battery with a deadly weapon, kidnaping, vandalism, and false arrest. He has made no allegation that the defendants deprived him of a federal right, as he must to state a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") (citations omitted). While defendant Hammett may be considered a person "acting under color of state law," which is also an essential element of a Section 1983 claim, *id.*, there is no allegation that defendant Hammett deprived him of a federal right. Moreover, the remaining defendants are private individuals or entities.

4

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).  There is no allegation here to suggest that the remaining defendants' actions were anything other than purely private conduct.  Accordingly, the plaintiff has failed to state a claim under Section 1983.  As this case has not asserted any federal claims, the court may not exercise supplemental jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367; *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir.1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants") (citation omitted).

### CONCLUSION AND RECOMMENDATION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P 12(h)(3).  Accordingly, based upon the foregoing, the defendants' motions to dismiss (docs. 30, 62) for lack of subject matter jurisdiction should be granted.[2]  Should the district court adopt this recommendation, the plaintiff's pending nondispositive motions shall be rendered moot.

IT IS SO RECOMMENDED.

December 2013  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

---

[2] As the undersigned recommends that the action be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant Hammett's alternative motion for summary judgment will not be considered.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).