IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Terry Douglas Campbell, ) | |
| ) | Civil Action No. 7:13-1701-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Ingles Market, Michael Christopher Folk, ) | |
| Travis Todd King, Kennith Hammett, ) | |
| Nathaniel Mark Rainey, and ) | |
| John Allen Putnam, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Terry Douglas Campbell ("Campbell"), proceeding *pro se*, has brought claims against the defendants arising out of a conflict over a package of meat that resulted in Campbell's arrest. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Campbell's motions to amend (ECF Nos. 114, 115) in part; deny Hammett's motion to dismiss (ECF No. 62) as moot; and grant the other defendants' motion to dismiss (ECF No. 30). Neither Campbell nor the defendants have filed objections to the Report, and the time to do so has now run.[1]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the

---

[1] The Report was filed on January 31, 2014, and mailed to Campbell the same day. On February 4, 2014, Campbell informed the court that he had a new address. In an abundance of caution, the court re-mailed the Report to Campbell's new address on February 4, 2014.

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court finds no clear error and, accordingly, adopts the Report and incorporates it herein. In addition, the court notes that, even if it did exercise supplemental jurisdiction over Campbell's state law claims against the individual defendants, state law would then predominate, and jurisdiction would not be appropriate. *See* 28 U.S.C. § 1367(c)(2). Therefore, Campbell's motions to amend (ECF Nos. 114, 115) are **GRANTED** as to the proposed amendment alleging that Hammett arrested Campbell without probable cause and overlooked evidence that would have cleared him of all crimes, in violation of his constitutional rights (ECF No. 120 at 5), and **DENIED** as to all other claims. In addition, Hammett's motion to dismiss (ECF No. 62) is **DENIED AS MOOT** as it responds to the original complaint,[2] and the motion to dismiss for lack of subject matter jurisdiction by Defendants Ingles Market, Folk, King, and Rainey is **GRANTED.** Further, Campbell's motions to compel discovery form the individual defendants (ECF Nos. 94, 126, 127) are now moot. **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 26, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Hammett may now file dispositive motions addressing the claims raised in Campbell's amended complaint.