IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Terry Douglas Campbell,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Kennith Hammett and<br>John Allen Putnam,<br><br>　　　　　　　　Defendants. | Civil Action No. 7:13-1701-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　This matter is before the court on the motion to dismiss for lack of subject matter jurisdiction by defendant Putnam (doc. 179).  The plaintiff is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

　　　　On May 6, 2013, the plaintiff filed a lawsuit in this court against defendants Ingles Market, Michael Christopher Folk, Travis Todd King, Nathaniel Mark Rainey, and John Allen Putnam. *See* C.A. No: 7:13-CV-01138-GRA-KFM.  The case was summarily dismissed by the Honorable G. Ross Anderson, Jr., on June 13, 2013, for lack of subject matter jurisdiction.  On June 24, 2013, the plaintiff filed the complaint in the instant case against the same defendants and added the Spartanburg County Sheriff's Office and Kennith Hammett as defendants.  The undersigned authorized service of process on all defendants except the Spartanburg County Sheriff's Office on July 19, 2013.  On August 22, 2013, Judge Anderson dismissed the claims against the Spartanburg County Sheriff's Office.

　　　　In his original complaint in this case, the plaintiff alleged that King, Folk, and Rainey, whom he identified as employees of Ingles, along with defendant Putnam, whom

he identified as an Ingles customer, attacked him in an Ingles store parking lot. He claimed the men pulled knives on him, and he locked himself in his vehicle. He further claimed these defendants vandalized his car. The plaintiff alleged that he got out of the vehicle and ran from the men into a housing development where defendant Hammett, whom the plaintiff identified as a Spartanburg County Sheriff's Deputy, put him in a patrol car and took him back to the Ingles store. He alleged that EMS was called to the scene, and he was taken to the hospital by EMS. He further alleged that defendant Hammett charged him with shoplifting and assault and battery, and he was found not guilty after a jury trial (doc. 1 at pp. 2-3).

The plaintiff stated in the original complaint that he was suing Ingles Market for improperly training its managers, and he was suing King, Folk, Rainey, and Putnam for assault and battery with a deadly weapon, kidnaping, and vandalism to his vehicle. The plaintiff stated that he was suing defendant Hammett for false arrest (*id.* at p. 4).

The plaintiff filed two motions to amend his original complaint (docs. 114, 115). In his first motion to amend, the plaintiff made no amended factual allegations, but requested that his complaint be amended to allege that Hammett violated his "Fourteenth Amendment rights by depriving him of liberty and property as he did not conduct a proper investigation which is a violation of procedural due process." He further alleged that Hammett violated his "Fourteenth Amendment rights by denying him equal protection of the law." The plaintiff alleged that Folk, King, Rainey, and Putnam violated his "Fifth Amendment right by depriving him of liberty and property." He claimed that Ingles Market, as the employer of Folk, King, and Rainey, was responsible for training its employees and should be held accountable for their actions (doc. 114 at pp. 1-2). The plaintiff attached a proposed amended complaint to his second motion to amend in which he made these same allegations (doc. 115-1).

In another proposed amended complaint (doc. 120), the plaintiff alleged that Hammett arrested him without probable cause and overlooked evidence that would have cleared him of all crimes, including the meat that was allegedly shoplifted and video footage from the store cameras. He alleges that Hammett violated his procedural due process rights (doc. 120 at p. 5). He further claimed that defendant Hammett failed to charge King, Folk, Putnam, and Rainey with the criminal acts they committed against him, which violated his Fourteenth Amendment rights (*id.* at p. 6). The plaintiff alleged that Folk, King, Rainey, and Putnam assaulted him and stole his meat. He claimed they "conspired with defendant Hammett to withhold evidence that would have cleared the plaintiff of all charges. These Defendants violated the Plaintiff's Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments" (*id.*). The plaintiff further claimed that Folk, King, Rainey, and Putnam "pulled deadly weapons being knives and threatened the plaintiff" and vandalized his vehicle, causing him pain, suffering, physical injury, and emotional distress (*id.*). He sought compensatory and punitive damages against all the defendants (*id.* at p. 7).

By report and recommendation filed on January 31, 2014 (doc. 142), the undersigned recommended that the plaintiff's motions to amend his complaint as to the proposed claims against Ingles Market, Folk, King, Rainey, and Putnam be denied and that the motions to amend be granted solely as to the allegations that defendant Hammett arrested the plaintiff without probable cause and overlooked evidence that would have cleared the plaintiff of all crimes in violation of his constitutional rights (doc. 142 at 5-10). The undersigned further recommended that the motion to dismiss the original complaint for lack of subject matter jurisdiction by defendants Folk, King, Rainey, and Ingles Market be granted (*id.* at 10-11). Defendant Putnam had not appeared in the case; however, the undersigned recommended that the claims in the original complaint against him also be dismissed for the same reasons (*id.* at 11 n.2).

On February 26, 2014, the Honorable Timothy M. Cain, United States District Judge, adopted the undersigned's report and recommendation, granting the plaintiff's motion to amend as to the allegations that Hammett arrested him without probable cause and overlooked evidence that would have cleared him of all crimes, in violation of his constitutional rights, and denying the motions to amend as to all other claims. Judge Cain also granted the motion to dismiss for lack of subject matter jurisdiction by defendants Ingles Market, Folk, King, and Rainey (doc. 146 at 2). However, the order did not specifically mention defendant Putnam.

On March 26, 2014, the undersigned issued an order giving the plaintiff through April 11, 2014, to submit a new summons and Form USM-285 for Putnam so that the amended complaint could be served upon him (doc. 163). On April 2, 2014, the undersigned authorized service of the summons and amended complaint on defendant Putnam (doc. 172).

On May 2, 2014, defendant Putnam filed a motion to dismiss for lack of subject matter jurisdiction (doc. 179). By order filed May 5, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on May 13, 2014 (doc. 183).

As discussed above, Judge Cain denied the plaintiff's motions to amend his complaint to add allegations against Putnam (as well as Ingles Market, Folk, King, and Rainey). For the reasons addressed in the undersigned's report and recommendation filed on January 31, 2014 (doc. 142), defendant Putnam's motion to dismiss the claims against him in the original complaint for lack of subject matter jurisdiction (doc. 179) should be granted. Should the district court adopt this recommendation, the only remaining defendant will be Hammett, and the only remaining claims will be that Hammett violated the plaintiff's

constitutional rights by arresting him without probable cause and overlooking evidence that would have cleared him of all crimes.

        IT IS SO RECOMMENDED.

                                    s/ Kevin F. McDonald
                                    United States Magistrate Judge

June 27, 2014
Greenville, South Carolina