IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Terry Douglas Campbell,            )<br>                                                   )<br>                       Plaintiff,       )<br>                                                   )<br>    vs.                                         )<br>                                                   )<br>Kennith Hammett and               )<br>John Allen Putman,                   )<br>                                                   )<br>                       Defendants.  )<br>                                                   ) | Civil Action No. 7:13-1701-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on defendant Hammett's second motion for summary judgment (doc. 198). The plaintiff is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**PROCEDURAL HISTORY**

On May 6, 2013, the plaintiff filed a complaint in this court against defendants Ingles Market, Michael Christopher Folk, Travis Todd King, Nathaniel Mark Rainey, and John Allen Putman. *See* C.A. No: 7:13-CV-01138-GRA-KFM. The case was summarily dismissed by the Honorable G. Ross Anderson, Jr., on June 13, 2013, for lack of subject matter jurisdiction. On June 24, 2013, the plaintiff filed the complaint in the instant case against the same defendants and added the Spartanburg County Sheriff's Office and Kennith Hammett as defendants. The undersigned authorized service of process on all defendants except the Spartanburg County Sheriff's Office on July 19, 2013. On August 22, 2013, Judge Anderson dismissed the claims against the Spartanburg County Sheriff's Office.

In his original complaint in this case, the plaintiff alleged that King, Folk, and Rainey, whom he identified as employees of Ingles, along with defendant Putman, whom he identified as an Ingles customer, attacked him in an Ingles store parking lot. He claimed the men pulled knives on him, and he locked himself in his vehicle. He further claimed these defendants vandalized his car. The plaintiff alleged that he got out of the vehicle and ran from the men into a housing development where defendant Hammett, whom the plaintiff identified as a Spartanburg County Sheriff's Deputy, put him in a patrol car and took him back to the Ingles store. He alleged that EMS was called to the scene, and he was taken to the hospital by EMS. He further alleged that defendant Hammett charged him with shoplifting and assault and battery, and he was found not guilty after a jury trial (doc. 1 at pp. 2-3).

The plaintiff stated in the original complaint that he was suing Ingles Market for improperly training its managers, and he was suing King, Folk, Rainey, and Putman for assault and battery with a deadly weapon, kidnaping, and vandalism to his vehicle. The plaintiff stated that he was suing defendant Hammett for false arrest (*id.* at p. 4).

The plaintiff filed two motions to amend his original complaint (docs. 114, 115). In his first motion to amend, the plaintiff made no amended factual allegations, but requested that his complaint be amended to allege that Hammett violated his "Fourteenth Amendment rights by depriving him of liberty and property as he did not conduct a proper investigation which is a violation of procedural due process." He further alleged that Hammett violated his "Fourteenth Amendment rights by denying him equal protection of the law." The plaintiff alleged that Folk, King, Rainey, and Putman violated his "Fifth Amendment right by depriving him of liberty and property." He claimed that Ingles Market, as the employer of Folk, King, and Rainey, was responsible for training its employees and should be held accountable for their actions (doc. 114 at pp. 1-2). The plaintiff attached a

proposed amended complaint to his second motion to amend in which he made these same allegations (doc. 115-1).

In another proposed amended complaint (doc. 120), the plaintiff alleged that Hammett arrested him without probable cause and overlooked evidence that would have cleared him of all crimes, including the meat that was allegedly shoplifted and video footage from the store cameras. He also alleged that Hammett violated his procedural due process rights (*id.* at p. 5). He further claimed that defendant Hammett failed to charge King, Folk, Putman, and Rainey with the criminal acts they committed against him, which violated his Fourteenth Amendment rights (*id.* at p. 6). The plaintiff alleged that Folk, King, Rainey, and Putman assaulted him and stole his meat. He claimed they "conspired with defendant Hammett to withhold evidence that would have cleared the plaintiff of all charges. These Defendants violated the Plaintiff's Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments" (*id.*). The plaintiff further claimed that Folk, King, Rainey, and Putman "pulled deadly weapons being knives and threatened the plaintiff" and vandalized his vehicle, causing him pain, suffering, physical injury, and emotional distress (*id.*). He sought compensatory and punitive damages against all the defendants (*id.* at p. 7).

By report and recommendation filed on January 31, 2014 (doc. 142), the undersigned recommended that the plaintiff's motions to amend his complaint as to the proposed claims against Ingles Market, Folk, King, Rainey, and Putman be denied and that the motions to amend be granted solely as to the allegations that defendant Hammett arrested him without probable cause and overlooked evidence that would have cleared the him of all crimes, violating his constitutional rights (doc. 142 at 5-10). The undersigned further recommended that the motion to dismiss the original complaint for lack of subject matter jurisdiction by defendants Folk, King, Rainey, and Ingles Market be granted (*id.* at 10-11). Defendant Putman had not appeared in the case; however, the undersigned

recommended that the claims in the original complaint against him also be dismissed for the same reasons (*id.* at 11 n.2).

On February 26, 2014, the Honorable Timothy M. Cain, United States District Judge, adopted the undersigned's report and recommendation, granting the plaintiff's motion to amend as to the allegations that Hammett arrested him without probable cause and overlooked evidence that would have cleared him of all crimes in violation of his constitutional rights and denying the motions to amend as to all other claims. Judge Cain also granted the motion to dismiss for lack of subject matter jurisdiction by defendants Ingles Market, Folk, King, and Rainey (doc. 146 at 2). However, the order did not specifically mention defendant Putman.

On March 26, 2014, the undersigned issued an order giving the plaintiff through April 11, 2014, to submit a new summons and Form USM-285 for Putman so that the amended complaint could be served upon him (doc. 163). On April 2, 2014, the undersigned authorized service of the summons and amended complaint on defendant Putman (doc. 172).

On May 2, 2014, defendant Putman filed a motion to dismiss for lack of subject matter jurisdiction (doc. 179). By order filed May 5, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on May 13, 2014 (doc. 183). On June 27, 2014, the undersigned filed a report and recommendation (doc. 219) that Putman's motion to dismiss be granted. That motion is currently pending before the Honorable Bruce H. Hendricks, United States District Judge.

On May 28, 2014, defendant Hammett filed a second motion for summary judgment (doc. 198), which is now before this court. By order filed May 29, 2014, pursuant to *Roseboro*, 528 F.2d 309, the plaintiff was advised of the motion for summary judgment

procedure and the possible consequences if he failed to adequately respond to the motion. On July 30, 2014, the plaintiff filed his response in opposition to Hammett's second motion for summary judgment (doc. 240). The defendant filed a reply on August 4, 2014 (doc. 242).

## **FACTS PRESENTED**

Defendant Hammett is a deputy with the Spartanburg County Sheriff's Department. According to defendant Hammett's affidavit submitted in support of summary judgment, at approximately 5:00 p.m. on July 9, 2011, he received a call from dispatch to respond to a shoplifting incident at the Ingles Market at 2120 East Main Street in Spartanburg County. Defendant Hammett was advised by dispatch that the suspect had left the store and was being chased on foot by the store manager in the vicinity of Highway 290. Subsequently, defendant Hammett found the store manager chasing the plaintiff at Old South Road and River Falls Drive, at which point a short foot chase ensued to apprehend the plaintiff. Based upon information obtained from dispatch, defendant Hammett detained the plaintiff in his vehicle and returned to the Ingles Market for further investigation. According to defendant Hammett, at that time, the plaintiff had not been arrested (doc. 198-2, Hammett aff. ¶ 2).

In defendant Hammett's report of the subject incident, he stated that he placed the plaintiff under arrest for shoplifting prior to returning to the Ingles Market for further investigation (doc. 240-1 at 2). Defendant Hammett admits in his affidavit that he made this statement in the incident report, but states that this was a "technical error" in typing the report, and the plaintiff in reality was not placed under arrest until after he returned to Ingles Market and completed his investigation (*id.* ¶ 3).

After returning to Ingles Market, defendant Hammett met with Michael Folk, the manager of the store. Mr. Folk told Officer Hammett that a short time earlier, a customer had approached him and stated that a white man was walking out of the store

with meat stuffed in the waistband of his pants. The man was later identified as the plaintiff. Mr. Folk followed the plaintiff to his vehicle and asked him about the meat. The plaintiff denied having any meat. At that point, Mr. Folk pulled a package of meat from the waistband of the plaintiff's pants. The plaintiff denied having more meat but then took out a package of meat and threw it on the ground. Mr. Folk told the plaintiff he was going to jail, and the plaintiff cussed at him and walked away. Mr. Folk threw a package of meat at him, and the plaintiff then pulled packages of meat out of his pants and threw them at Mr. Folk. The plaintiff walked away and attempted to get in his vehicle to leave. The plaintiff's vehicle would not start, so he tried to push it. While pushing the vehicle, he almost ran over Travis King, another Ingles manager. Mr. King feared for his safety at that time and cut the rear driver's side tire. These events preceded the foot chase wherein defendant Hammett caught up with the plaintiff and detained him (*id.* ¶ 4; doc. 198-3, Folk statement).

Defendant Hammett took voluntary statements from three Ingles employees, Michael Folk, Travis King, and Nathan Rainey, as well as three other witnesses, John Putman, Sr., Peggy Miller, and Anthony Augustine (*id.* ¶ 5; doc. 198-3, witness statements). Ms. Miller and Mr. Augustine stated that they saw a man in the store with packages of meat stuck in the back of his pants, and they alerted store employees. They then saw a manager chase the man, and the man threw packages of meat at the manager (doc. 198-3, witness statements). Defendant Hammett also ran a criminal check on the plaintiff that revealed two prior convictions for shoplifting. Based upon the statements of the eyewitnesses and criminal history of the plaintiff, defendant Hammett states in his affidavit that he determined there was enough probable cause to arrest the plaintiff for shoplifting, and he then placed the plaintiff under arrest (doc. 198-2, Hammett aff. ¶ 5).

According to defendant Hammett, Ingles employees advised him that the meat had been destroyed as it had been outside/unrefrigerated for an unknown period of time and had been thrown to the ground. Defendant Hammett was aware that managers

6

did not have the ability to review camera footage and that this was done at the Ingles home office in North Carolina. He advised Mr. Folk to obtain a copy of the camera footage and deliver a copy to the Spartanburg County Sheriff's Office (*id.* ¶¶ 6-7). After being arrested, the plaintiff complained of chest pain, and EMS arrived shortly thereafter to transport the him to the hospital for medical attention (*id.* ¶ 9). After a jury trial, the plaintiff was found not guilty of shoplifting and assault and battery third degree (doc. 69-1 at 14-15).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

As set forth above, the plaintiff was allowed to amend his complaint to allege that defendant Hammett arrested him without probable cause and overlooked evidence that would have cleared him of all crimes in violation of his constitutional rights (*see* doc. 146). Defendant Hammett argues that summary judgment is appropriate on those claims. The undersigned agrees for the reasons set forth below.

### *Arrest*

The Fourth Amendment to the United States Constitution provides that the people shall "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston–Salem*, 85 F.3d 178, 183 (4th Cir.1996) (citing *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). So long as the officer supports the arrest with probable cause, the police have not committed a constitutional violation. *See S.P. v. City of Takoma Park, Md.*, 134 F.3d 260, 274 (4th Cir. 1998). For probable cause to exist, there need only be sufficient evidence to warrant the belief of a reasonable officer that an offense has been or is being committed. *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). *See also Wong Sun v. United States*, 371 U.S. 471, 479 (1963). The law does not require that the officer have evidence sufficient to convict the criminal defendant. *Brown*, 278 F.3d at 367. The Supreme Court defines probable cause as a "commonsense, nontechnical" concept that deals "with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Ornelas v. United States*, 517 U.S. 690, 695 (1996) (internal quotation

marks omitted) (citing *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). The United States Court of Appeals for the Fourth Circuit has stated that the probable cause standard does not require that the officer's belief be more likely true than false. *United States v. Humphries*, 372 F.3d 653, 660 (4th Cir.2004) (citing *United States v. Jones*, 31 F.3d 1304, 1313 (4th Cir.1994)). Thus, a probable cause determination turns on the assessment of probabilities. *Gates*, 462 U.S. at 232. "[O]nly the probability, not a prima facie showing, of criminal activity is the standard of probable cause." *Id*. at 235 (citation omitted). "In the criminal arrest context, probable cause exists where 'the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense.'" *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 334 (4th Cir. 2009) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

The evidence before the court shows that the defendant had probable cause to arrest the plaintiff. While the plaintiff and store personnel disagree as to the events in the parking lot, it is undisputed that defendant Hammett was dispatched to the area to detain a suspected shoplifter fleeing on foot from the scene of the crime. Defendant Hammett saw the plaintiff being chased by the store manager, and defendant Hammett was able to detain the plaintiff without injury or incident. He then returned with the plaintiff to the Ingles store where the plaintiff was identified by witnesses as the shoplifter. The plaintiff claims that the meat at issue was from a different Ingles store, and he was only attempting to return it when he was approached by Ingles employees. He further claims that the Ingles employees lied about his alleged shoplifting. However, there is no allegation or evidence in the record that defendant Hammett knew or had any reason to doubt the Ingles employees and other witnesses who gave statements indicating that they saw the plaintiff shoplifting. Moreover, the plaintiff's acquittal does not equate to the lack of probable cause that he must establish to demonstrate a violation of his Fourth Amendment rights. As

defendant Hammett clearly had sufficient evidence to warrant the belief of a reasonable officer that an offense had been committed, he had probable cause to arrest the plaintiff. Accordingly, summary judgment should be granted on this claim.

### *Investigation*

The plaintiff next argues that defendant Hammett failed to properly investigate the charges against him. He alleges that the meat in his pants that he threw at the Ingles employees was from a different Ingles Market and should have been saved to establish he did not shoplift (doc. 240, pl. resp. to m.s.j. at 4). Defendant Hammett testified in his affidavit that Ingles employees advised him that the meat was destroyed as it had been outside and unrefrigerated for an unknown period of time (doc. 198-2, Hammett aff. ¶ 7).

Assuming for purpose of summary judgment that the meat in the plaintiff's pants was from another store, the failure to investigate the origins of the meat or to preserve it does not constitute a constitutional violation. At best, the plaintiff's claims concerning the defendant's actions, or lack thereof, may be construed as a claim of negligence. However, the law is well-settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n.3 (1986) (concluding Due Process Clause is not implicated by negligent act of an official causing unintended loss of or injury to life, liberty or property); *Davidson v. Cannon,* 474 U.S. 344, 345-48 (1986).

As explained by the United States Fourth Circuit Court of Appeals in *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir.1995), the plaintiff must demonstrate some measure of deliberateness to convert a negligence claim into a constitutional violation. "The language and the purpose of the Due Process Clause thus restrict violations thereof to official conduct that entails some measure of deliberateness. Absent such limitation, the Fourteenth Amendment would be demeaned, and federal courts would adjudicate claims that lacked connection to federal law. In our system of governance, the Constitution is

revered but not ubiquitous, and federal courts sit as courts of limited jurisdiction. Thus, as *Daniels* underscores, not all undesirable behavior by state actors is unconstitutional. See *Paul v. Davis,* 424 U.S. 693, 701 (1976) (the Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States")."

Defendant Hammett obtained statements from witnesses who stated they saw a man, later identified as the plaintiff, in the Ingles Market with packages of meat stuck in the back of his pants. Defendant Hammett also obtained statements from store employees and other witnesses regarding the incidents in the parking lot as they pursued the plaintiff (doc. 198-3, witness statements). The plaintiff cannot establish the element of deliberateness to support a constitutional violation regarding defendant Hammett's alleged failure to properly investigate the charges. Accordingly, summary judgment should be granted on this claim.

### *Qualified Immunity*

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should

be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, the plaintiff's allegations fail to demonstrate that defendant Hammett violated his constitutional rights. Therefore, the undersigned finds the defendant is entitled to qualified immunity.

### *Eleventh Amendment Immunity*

The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. *Id.* Defendant Hammett is an employee of the Spartanburg County Sheriff's Office. It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment Immunity in his or her official capacity from suit in Federal Court. *See Cromer*, 88 F.3d at 1332. This status has been extended to deputy sheriffs as well. *See McCall v. Williams*, 52 F.Supp.2d 611, 615 (D.S.C. 1999). As a result, the defendant is entitled to Eleventh Amendment immunity to the extent the plaintiff has alleged claims for monetary relief against him in his official capacity.

*State Law Claims*

Having found that the defendant is entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief construed by the court to be asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, defendant Hammett's second motion for summary judgment (doc. 198) should be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 26, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).