UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Douglas Campbell, ) | Civil Action No. 7:13-1701-BHH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Kennith Hammett and John Allen ) | |
| Putnam, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Terry Douglas Campbell ("the plaintiff"), proceeding *pro se*, initiated this civil rights action under 42 U.S.C. § 1983 against seven defendants, but now only the defendants Kennith Hammett and John Allen Putnam ("the defendants") remain. (Compl., ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a Report and Recommendation ("Report"). Currently before the court are two Reports and Recommendations (ECF Nos. 219, 266).

In his June 27, 2014, Report and Recommendation, (ECF No. 219), Judge McDonald recommends that the court grant the defendant Putnam's motion to dismiss (ECF No. 142). (ECF No. 219.) And, In the January 26, 2015, Report, he suggests that defendant Hammett's second motion for summary judgment (ECF No. 198) be granted. (ECF No. 266.) The Reports set forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final

determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

As to the June 27, 2014 Report (ECF No. 219), the plaintiff failed to file any objections.  Having satisfied itself that there is no clear error, the court will adopt the Report and grant defendant Putnam's motion to dismiss.

Concerning the January 26, 2015, Report, (ECF No. 266), the Clerk filed the plaintiff's objections to the Report (ECF 268) on February 2, 2015.  The court has carefully reviewed the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

The objections mostly rehash arguments that the Magistrate Judge has already considered and rejected.  Because the court agrees with the Magistrate Judge's treatment of those issues, it need not discuss them further here.  And, the remainder of the plaintiff's objections are so without merit that the court sees no need to address

them.  Consequently, the court will overrule the plaintiff's objections to the January 26, 2015, Report (ECF 266).

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the court overrules the plaintiff's objections as to the January 26, 2015, Report, and adopts and incorporates by reference both of the Magistrate Judge's Reports.  Therefore, both the defendant Putman's motion to dismiss (ECF No. 179) and the defendant Hammett's second motion for summary judgment (ECF No. 198) are GRANTED.  Moreover, as suggested by the Magistrate Judge, the court declines to exercise supplemental jurisdiction over any of the plaintiff's state claims.  *See* 28 U.S.C. § 1367 (c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 30, 2015
Greenville, South Carolina

*****

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3